UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN MICHAEL GIENEART,

Plaintiff,

v.

SEAGATE TECHNOLOGY, INC.,

Defendant.

Civil 01-987 (PAM/JGL)

**ORDER**

Plaintiff has filed a complaint seeking relief under Title VII of the Civil Rights Act of 1964 (as amended). (Docket No. 1.) His complaint was accompanied by an application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), which is now before the Court.

Plaintiff's IFP application shows that he is currently receiving disability benefits in the amount of approximately $1975 per month. Plaintiff has failed to disclose any information about his assets, even though the IFP application form that he used specifically solicited such information. (See paragraphs 4 and 5 of the form.) The IFP application also indicates that Plaintiff has no dependants and no other unusual debts or financial responsibilities.

Given Plaintiff's current income, and his failure to disclose any information about his assets, the Court cannot conclude that Plaintiff is indigent. He has not adequately explained why he cannot pay the filing fee and costs of service of process from his income and whatever assets may be available to him. Plaintiff's IFP application will therefore be DENIED.

JUN 0 7 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

However, Plaintiff will be given an opportunity to pay the normal $150 filing fee, and if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant. If Plaintiff pays the $150 filing fee within twenty (20) days after the date of this Order, the action will be allowed to proceed. If he fails to pay the full amount of the filing fee within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).[1]

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application, (Docket No. 2), is **DENIED**; and

2. Plaintiff shall pay the full filing fee of $150 within twenty (20) days after the date hereof, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: June 7, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[1] The Court notes that Plaintiff's complaint appears to be fatally defective because (a) it does not allege any facts in support of Plaintiff's claims, (b) it does not suggest that Plaintiff suffered any discrimination on any grounds barred by the federal civil rights laws, (i.e., race, religion, sex, etc.), and (c) it does not show that Plaintiff has exhausted his administrative remedies, (which is a pre-condition to filing an employment discrimination action in federal court). If Plaintiff elects to pursue this action, it would be wise for him to file an Amended Complaint that would cure those apparent defects. See Fed. R. Civ. P. 15(a) (allowing a plaintiff to file an amended pleading "once as a matter of course" before any defendants have appeared in the action); see also Local Rule 15.1 (requiring that an amended complaint must be an entirely new pleading, and not merely an addendum or supplement to the original pleading).