IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN MICHAEL GIENEART,

Plaintiff,

COURT FILE NO. 01-987 (PAM/JGL)

vs.

**PROTECTIVE ORDER**

SEAGATE TECHNOLOGY, LLC,

Defendant.

The above-entitled matter was presented before the undersigned on 4/23/02, 2002.

Steven M. Gieneart, Plaintiff, appeared pro se; and

James F. Baldwin, Esq., appeared on behalf of behalf of Defendant Seagate Technology, LLC.

Based upon all the files, records and proceedings herein, including arguments of counsel and Mr. Gieneart,

IT IS HEREBY ORDERED:

1. Until further order of this Court or Stipulation by Seagate Technology, LLC. ("Seagate") and Mr. Gieneart ("Gieneart"), discovery in this action shall be subject to this Protective Order.



FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. All "confidential information" produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation.

3. "Confidential information" as used herein means any type or classification of information which is designated herein as confidential, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an answer to an interrogatory, information obtained through subpoena from any source or otherwise.

4. "Confidential information" shall not be disclosed to any person except counsel for the parties, their respective staffs, parties to the action, witnesses, known or prospective, and experts retained for this action. All persons to whom counsel or Gieneart disclose any "confidential information" shall, before receiving such disclosure, be furnished a copy of this Protective Order, be instructed that such information must be kept confidential and be used only in preparation for pretrial and trial of this action, and sign the "Agreement To Be Bound By Protective Order," a copy of which is attached hereto as Exhibit A. However, nothing contained herein shall prohibit or preclude any person from testifying under oath in any depositions, hearing or trial in this action regardless of whether such testimony is based on or related to information that became known to the person testifying by virtue of the dissemination of the "confidential information" as referred to herein.

5. "Confidential information" shall include information, whether contained in documents, testimony or otherwise, that pertains to or includes any proprietary or trade secret information, including the personnel files, payroll documents or other information

relating to Seagate, and all financial data of any nature whatsoever concerning Seagate. "Confidential information" shall also include information, whether contained in documents, testimony or otherwise, that pertains to Gieneart's personal, medical and/or psychological and/or financial and sociological condition. The burden of designating any document, testimony or other information deemed "confidential" shall be on the party asserting the same. Thus, any information a party seeks to keep "confidential" must be designated as such by the party.

6. The inadvertent or unintended disclosure by the supplying party of "confidential information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part by the supplying party's claim of confidentiality.

7. There shall be no reproduction whatsoever of "confidential information" except as required in this litigation. Copies, excerpts, or summaries of "confidential information" may be shown or given to those authorized to receive "confidential information" pursuant to this Protective Order, and this Protective Order applies in full to any such copies, excerpts, or summaries.

8. Within sixty (60) days of the final termination of this action, including all appeals, counsel and Gieneart shall be responsible for returning to the supplying party (Seagate and/or Gieneart) all "confidential information," including originals, copies, excerpts, summaries or other materials derived from such information (but specifically excluding deposition transcripts, deposition summaries, and material subject to the protection of the work-product doctrine) that is in the possession, custody and/or control

of the counsel, the party and /or anyone to whom such information was provided pursuant to this Protective Order.

9. The "Confidential information" shall remain confidential after the termination or conclusion of this action and may not be used in any other matter or for any other purpose without the prior written consent of the party asserting or designating the "confidential information."

10. The obligations set forth in this Protective Order shall not only be in force for the period of this litigation, but shall remain in effect subsequent to its termination so as to protect the confidentiality of the discovery.

Dated: April 13, 2002

Jonathan Lebedoff
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Stipulation and Protective Order entered in Steven Michael Gieneart vs. Seagate Technologics, LLC, Civil No. 01-987 PAM/JJL which is attached hereto as Exhibit 1, has read this Stipulation and Protective Order, and agrees to be bound by all of the provisions therein.

Dated:____________________ ________________________________________

Subscribed and sworn to before me

this______ day of _____________, 2002.

________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.