UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Steven M. Gienart,

Plaintiff,

vs. MINUTE ORDER

Seagate Technology, L.L.C.,

Defendant. Civ. No. 01-987 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of December, 2002.

* * *

On December 5, 2002, the Court heard argument on the Motions of the Defendant Seagate Technology, L.L.C., to Compel, for Attorney's Fees and Costs, and to Amend Scheduling Order.[1] At the time of the Hearing, the Plaintiff Steven M. Gienart appeared pro se, and the Defendant appeared by H. Le Phan, Esq. For reasons which we expressed at the time of the Hearing, and briefly reiterate below, we granted the Defendant's Motions to Compel, and to Amend

[1]The Plaintiff had also filed a Motion to Quash, but that Motion had not been served upon the Defendant prior to the Hearing and, therefore, we did not consider the Plaintiff's Motion. Instead, we instructed the Plaintiff that, in order for the Court to address the merits of a Motion, the moving party must comply with the Federal Rules of Civil Procedure, as well as the Local Rules of this Court, and having failed to serve the Motion, argument on the Motion would be premature, and unfair.

FILED DEC 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the Scheduling Order, but we deny the Motion for Attorney's Fees and Costs.

In this action, the Plaintiff seeks damages allegedly caused by the Defendant's violation of the Americans with Disabilities Act ("ADA"), by failing to accommodate the Plaintiff's alleged disability. The Defendant denies those allegations, and a detailed recounting of the factual background, which underlies the parties' claims and defenses, is unnecessary to our resolution of the Motions presented, and we turn to the specific matters in dispute.

On or about October 7, 2002, the Defendant served the Plaintiff with its first set of Interrogatories, and Document Requests, and on October 30, 2002, the Plaintiff requested, and was granted, an extension of time in which to respond. The Defendant represents that, pursuant to an agreement between the parties, the Plaintiff's responses were due on, or before, November 11, 2002. The Defendant further represents that the Plaintiff did not comply with that deadline. The Court was not provided with a copy of the Interrogatories, or the Requests for Production of Documents, and therefore, we are unaware of the specific information the Defendant seeks from the Plaintiff. We understand, however, that in addition to other discovery, the Defendant seeks to compel the Plaintiff to sign a medical authorization, which will allow the release of his relevant medical records to the Defendant. At the Hearing on the

Motion, the Defendant represented that the Plaintiff has now provided the requested medical releases.

The reason given by the Plaintiff, at the Hearing on the Motions, for not responding to the Defendant's discovery requests, is founded upon the Plaintiff's dissatisfaction with the Defendant's compliance with his own discovery requests. Without addressing the particulars of the Plaintiff's discovery requests, we note that the Plaintiff has requested that the Defendant compile a document log, in which every discoverable document is described in detail. Such a request is well in excess of the discovery allowed by the Federal Rules of Civil Procedure. Further, it is evident that the Defendant has not only satisfied its obligation under the Federal Rules, by making the documents available for the Plaintiff's review at the offices of defense counsel, the Defendant has exceeded those requirements by identifying the general categories into which the documents are grouped. As we noted at the Hearing, notwithstanding the Plaintiff's dissatisfaction with the Defendant's discovery responses, Rule 26(d), Federal Rules of Civil Procedure, specifically provides that one party's delay in complying with discovery is not good cause for the other party to

similarly delay in producing requested discovery.[2] As a result, we granted the Defendant's Motion to Compel.

Having been apprised of his discovery obligations, under the applicable Federal Rules, the Plaintiff agreed to produce the requested discovery on, or before, December 16, 2002. Thus, we direct the Plaintiff to comply with the Defendant's discovery requests by no later than December 16, 2002. However, being persuaded that the Plaintiff has proceeded in a good faith, though mistaken, application of those Rules, as well as the Plaintiff's pro se standing, we deny the Defendant's Motion for Attorney's Fees and Costs. The Plaintiff should not interpret this denial as a license to depart from his obligations under those Rules in the future, as he is obligated to fulfill his discovery duties, and we may not be so indulgent if his conduct later deviates from his required discovery obligations.

---

[2]Rule 26(d), Federal Rules of Civil Procedure, reads, in relevant part:

> Unless the court upon motion, for the convenience of the parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

In light of the discovery delays, the Defendant sought to extend the expert disclosure deadline of December 1, 2002, to January 15, 2003. The Plaintiff did not object to the Plaintiff's Motion to Amend the Scheduling Order and, therefore, we granted the same, thereby extending the expert disclosure deadline to January 15, 2003.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's Motion to Compel [Docket No. 36] is GRANTED, and the Plaintiff's discovery responses are to be served **by no later than December 16, 2002.**

2. That the Defendant's Motion for Attorney's Fees and Costs [Docket No. 36] is DENIED.

3. That the Defendant's Motion to Amend the Scheduling Order [Docket No. 26] is GRANTED.

4. That the Plaintiff's Motion to Quash [Docket No. 40] is DENIED as improper, as Plaintiff failed to serve the Motion upon the Defendant.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE